# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 9, 2012

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

141031 & (16)

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

                                              SC: 141031
                                              COA: 296313
                                              Macomb CC: 08-001853-FH

STEPHEN FRANK HEYZA,
        Defendant-Appellant.

_____/

By order of November 30, 2010, the application for leave to appeal the March 23, 2010 order of the Court of Appeals was held in abeyance pending the decisions in *People v Likine* (Docket No. 141154), *People v Parks* (Docket No. 141181), and *People v Harris* (Docket No. 141513). On order of the Court, the cases having been decided on July 31, 2012, 492 Mich 367 (2012), the application is again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Macomb Circuit Court. On remand, the trial court shall verify that the judgment of sentence reflects the plea agreement that was entered into by the defendant and the prosecutor and shall conduct a hearing to determine the proper amount of restitution owed by the defendant. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

MARILYN KELLY, J. (*dissenting*).

Defendant suffers from mental illness and physical limitations, which include a chronic back problem that inhibits his ability to work. When he and his wife divorced, he was ordered to pay support for their child. He did not pay it and was charged with failure to pay support under MCL 750.165.

Before the matter came to trial, the judge, relying on *People v Adams*,[1] ruled that defendant was barred from presenting evidence showing his inability to pay support. In

---

[1] *People v Adams*, 262 Mich App 89 (2004).

*Adams*, the Court of Appeals explicitly prohibited the use of evidence of a defendant's inability to pay court-ordered support in a felony nonsupport case. After the trial judge's ruling, defense counsel stated that defendant would accept the prosecutor's offer of a plea agreement. During the plea hearing, defendant told the judge, "I paid when I was able to pay, Judge. I'm disabled." Because defendant acknowledged that there was an order directing him to pay support with which he failed to comply, the court accepted his guilty plea.

Before sentencing, defendant moved to withdraw his plea. The court denied his motion and imposed a probationary sentence along with costs. The plea agreement indicated that if defendant paid 50 percent of the overdue support balance ($136,863.44) within two years, the charge would be reduced to attempted failure to pay child support. If he paid 80 percent of the amount due within two years, the charge would be reduced to a 93-day misdemeanor. If he paid all of the amount due, the case would be dismissed. The trial court commented that defendant's "hope of complying with any of those conditions is like slim, none and zero." The Court of Appeals denied defendant's application for leave to appeal.

In *People v Likine*, a bare majority of this Court held that a defendant charged with felony nonsupport may, on making the requisite evidentiary showing, establish impossibility to pay as a defense.[2] I dissented and would have held that the proper defense, one available in every other jurisdiction in the country, is inability to pay.[3] The majority disagreed but, in holding that impossibility to pay is a valid defense to felony nonsupport, implicitly overruled *Adams*, which had found that no defense existed.

At the time defendant entered his plea in this case, he was barred by *Adams* from raising any defense whatsoever. His conviction at trial was a certainty and a plea bargain was his only real alternative. This Court should not rule that defendant waived a defense not available to him at the time he pled guilty. In the interest of justice, this case should be remanded in light of *Likine* to allow defendant to withdraw his plea and go to trial so that he may raise an impossibility-to-pay defense.

CAVANAGH and HATHAWAY, JJ., join the statement of MARILYN KELLY, J.

---

[2] *People v Likine*, 492 Mich 367, 398 (2012).

[3] *Id*. at 420 (MARILYN KELLY, J., dissenting).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 9, 2012

_____
Clerk

s1106